The next case is Clantech, et al., v. CoStar Realty, et al., 2024, 1360 and 1361. Mr. Oliver. May it please the Court? I ask to reserve five minutes for rebuttal. I'd like to address, subject to the Court's questions, two distinct primary arguments to reverse the PTAB in this case. One argument relates to a single patent, the 421 patent, and it asks for this Court to make a de novo review of an unstated claim construction that was applied by the PTAB. The second argument applies to both patents, and it involves a series of compounded errors by the PTAB. The first argument is that the prior art does not disclose or suggest the claimed font package, the font file, and the formatting information that's used by the operating system as they are claimed in the 421 patent claims. You say prior art. You're talking about Collins and Gauthier? The Collins reference, specifically, Your Honor. The 421 patent claims require use of the same font file, formatting information, and font package throughout the claims. They do this by antecedent basis, referring back to the file or the formatting information. The Collins prior art specifically avoids this. Collins does this by converting information. Collins says you cannot send an original font file and use it. We have to convert it into our proprietary format, send it to the computer. At the point it's at the computer, Collins either converts it back using his own proprietary software or requires installation of his own proprietary software. Under Collins, wasn't that conversion pretty superficial? It's not, Your Honor. It involves rewriting the definitions of the font files. It turns them around so the curves are reversed. It uses a different type of curve that loses clarity. It also converts it in a way that the operating system cannot recognize it. In the 421 patent, the claims specifically talk about a module of the operating system doing the rendering and that the font file includes the formatting information necessary for that to happen. All the actual grounds here focus on obviousness combinations, right? Yes. The PTAB instituted based on a combination of three prior art items. In the final decision, it says either this two art combination or the three art combination render the claims obvious. This argument about Collins relates to every combination that the PTAB considered. The court's case law, including the cases we cited, Baldwin, Intamin, Infernal, Creative, those all confirm that a claim and a term must have the same meaning throughout the claim. Some of those cases specifically relate to files being the same throughout the claim when the claim uses antecedent basis to refer back to files. What the PTAB did here is it erred by giving the claim term different meanings at different points in the claim. Can you point us to the specific JA pages where you're saying the PTAB erred in the decision? I'm not sure whether I can point to the specific pages, but they did not specifically construe the claim. They did not say we're construing it in a certain way, but what they did was they said in the first appearance of the file or the formatting information, the unconverted information is there. It meets this. In later instances, the converted information is the same file, but it's not the same file in those later instances. It has been converted. I'm looking for, Your Honor, the appendix pages. I'm referring to pages 79 and 80 of the brief. The board confirmed that the formatting information must be converted before the operating system can use it. That cites appendix page 42. The board then quoted CoSTAR's expert who confirmed that the function converts the data into a form which the operating system can use. That's appendix page 43. Those, Your Honor, are the appendix pages that we're referring to where the board says converted information can meet the limitation. Again, the PTAB did not specifically say it was construing the claim, but it had to have implicitly construed the claim so that the files and the formatting information had different meanings throughout the claim. If it's allowing unconverted information and converted information to meet the same limitation. Could you address your APA claim? Yes, Your Honor. Thank you. I'm glad that we had a case on notice. We're already primed for the notice requirement here. Here, the PTAB instituted on a combination of three references. It said Collins, Godier, and Schaefer are all required as part of this combination. We're instituting on these grounds that all have at least those three references in them. When we got to the final written decision, the judgment, the PTAB said it can either be a two-reference combination or a three-reference combination. Why is that significant? Well, the patent owner spent most of its briefing and argument on showing that the invention, the conception, and the diligence and the reduction to practice predated the Schaefer reference. By knocking out the Schaefer reference, the patent owner said the combination is no longer valid because you're missing at least this claim element, the system font table. Do you agree that the board also found the claims obvious based on Collins and Godier with Schaefer? They did, Your Honor. The APA says you must timely inform somebody of the grounds. The patent statute requires a specific identification of the grounds with particularity in both the petition and the institution decision. Do you agree that the petition had both the combination of Collins and Godier, that two-reference combination, and then also the three-reference combination of Collins, Godier, and Schaefer? It did not. The petition specifically raised only grounds that included Schaefer. It said these are the grounds, Schaefer must be included. The petition... Can you take me to some JA pages on that? Yes. Okay. So... Looking at first on the institution decision, appendix page 356 is a table listing the grounds. Appendix page 375 also lists the combined references. I asked you also about the petition itself and what it said in terms of the combinations. Yes, I know we cited those. I'm going to... I apologize, I'm searching for that, Your Honor. Appendix page 178, the petition specifically listed a table of grounds. It listed Schaefer in all of the grounds. Counsel, if you insist you only had notice of a rejection based on three references, you didn't overcome Schaefer because you didn't really connect all the dots. You just provided a whole lot of documentation without pinpointing how it relates to overcoming Schaefer. I'm glad that you raised that. That's where I was going next. Well, you're into your rebuttal time, but you're entitled to use it. Okay. I want to answer your question, Your Honor, so I'll use part of my rebuttal time for that. The patent owner's response included a 30-page claim chart. It lined up the elements next to each element of the claim. It said this element is included and shown here. There were hundreds of citations to specific pages of the exhibits and the evidence, including quotations of specific sentences in the evidence that were included in that chart. The PTAB relied upon the Paris case and said this is like Paris where the evidence wasn't properly cited. In Paris, Paris had six citations to evidence in the brief. Paris violated a rule against incorporation by reference. They tried to incorporate 100 pages of claim charts by reference and 1,300 pages of exhibits by reference. The patent owner here specifically avoided that by providing hundreds of citations to evidence, a claim chart lining up every element, and directing the PTAB not just to exhibits but to specific pages and often to specific sentences within those pages. That's where it differs, Your Honor. I'll reserve the remainder of my time for rebuttal. We'll send it for you, Ms. Ostman. Thank you, Your Honor. May it please the Court. N.G. Ostman on behalf of Applease, CoStar, and Duolingo. This appeal is about straightforward petitions, fair process, and substantial evidence for view. I'd like to start where my friend on the other side started and talk about their argument with regard to the font package. Could you speak up a little more, please? Apologies. So I was saying I would like to start where my friend on the other side just started with regard to the font package and formatting information discussion. So Clantech in its brief spends little time on this argument, but the argument is really that Clantech and Collins doesn't teach the font package and formatting information because the font package is converted into a language that the operating system can understand when it's installed in the operating system in Collins. The problem is that argument doesn't require that the font package is the same. The Board properly found that the PFR file, which is the font package in Collins, doesn't change when it is sent by the server, when it is loaded into the temporary fonts directory, and then when it's installed in the operating system. It's the same file. What Clantech's argument relies on is an assertion that you have to have bit-for-bit identity, that nothing in the file can change. And whether you call that a claim construction argument or not, Clantech has sort of changed its mind on that, but regardless of whether it's a claim construction argument, there is just nothing in the claims and nothing in the specification that requires that kind of bit-for-bit identity. To the contrary, the specification explains that sometimes when you go get the font package from the server, it might be compressed, in which case you have to decompress the font package, which changes the bits in the file. That doesn't mean it's a new file. It's still the same file. Likewise, when you get the font package from the server, it may be encrypted, in which case you have to decipher it. The bits are different, but the font package is the same. Can you give us your JA support for some of the various statements you've just been making in terms of responding to that argument? Of course, Your Honor. So at Appendix 136, this is at column 13, lines 28 through 30. This is the 421 patent, but the 421 and the 093 patents share the same specification, so the same language is there. So the assertion that if you change a single bit in the file, it becomes a new file, is just not supported by the record. Instead, this is like if you put a pie in the oven. When you take it out of the oven, the molecules have changed, but it's still the same pie. Likewise, when you install the font package into the operating system, you've converted it into a language that the operating system can understand, but it's still the same file. Now, the only evidence before the Board on this issue was from Dr. Zadok, co-star and Duolingo's expert, who explained exactly what happened. He explained in his declaration that the font package is converted, but the formatting information is not different, that it's the same file. And the Board cited Dr. Zadok's testimony and credited his testimony, which also relied on the disclosure in Collins that says that when you make this conversion, the fonts have the exact same shape, relative size, and spacing on virtually any computer, meaning the formatting information is the same. Now, in its briefing a few minutes ago, Context Council stood up and said, well, the conversion is not superficial. That's a new argument that wasn't presented before the Board, and it's frankly not supported by the record. The record shows, and the expert opined, that it is the same formatting information, and the conversion is just so the operating system can understand the file. With that, I'll turn to the APA argument, unless there are questions. So very briefly, Plantech's central narrative here is that the Board impermissibly relied on a new Did the Board make an alternative finding? Is that what happened here? Yes, Your Honor. That's exactly what happened. So this petition argued in the alternative based on Schaefer. So the grounds were Collins and Gaultier with Schaefer in the alternative. And if we look at the petition, we can see that that's apparent. So if you'll turn to Appendix 212 through 213. These pages are specifically in the 421 patent petition, but the 093 patent petition includes almost identical language. But here this is with regard to the system font table limitation, which is the only one that I understand is disputed on appeal. So here the petition explains that Collins installs the fonts into the operating system's font manager, 658A. In other words, the font manager is updated to reflect an availability of the external font file as claimed. And then the petition goes on to say, well, Collins does not explicitly mention a system font table. However, Figure 22, which is shown on Appendix 213, illustrates new entries, 656A, that are listed as, excuse me, installed PFR font 1 through installed PFR font N and labeled 656. And you see on Appendix 213, there is a red, it may not be red in your version, but there's a rectangular box surrounding that installed PFR font 1 through N. So that is the system font table clearly identified in the petition. After arguing and explaining why Collins and Gaultier together disclose or render obvious the limitation, then the petition moves on to discuss why, in the alternative, Schaeffer also discloses this limitation. This petition was clearly argued in the alternative. And what's interesting here is that in its ----  You said in the alternative. I don't know that I see those words, per se, in the alternative. That's correct, Your Honor. In this particular section, we didn't say in the alternative. But we did have four paragraphs explaining why Collins and Gaultier disclose this limitation, render it obvious, and then following that section, there begins a new paragraph explaining why Schaeffer also discloses that limitation. But you're right, the word alternative is not there here. Is this the clearest example or the best example of it being a two-reference combination versus it being possibly a three-reference combination? No, Your Honor. There are additional examples in the petition. So if you turn to page ---- Give me your best one. Of course. So if you look at page Appendix 208, this is the way the petition was drafted. And this just shows ---- this additional site shows that this is the pattern of how the petition was drafted. And it was drafted in this way, of course, because of the tight word limits and, you know, there's a limited amount of space. But Appendix 208, this is one of the prior limitations, where the limitation at issue is installation of the fonts into a temporary font directory. And so the prior paragraphs, and I won't labor the point and walk you through all of them, but I think it's the second full paragraph on that page says, the Collins and Gaultier combination therefore discloses functions in Collins' extended browser, listing some of the functions, that install and then in italics the relevant limitation. And then following that discussion, it says Schaeffer also discloses this limitation. This is the pattern of how the petition was drafted. Here's how Collins and Gaultier disclosed this limitation. Schaeffer also discloses it. And then what's particularly interesting here is with regard to the system font limitation, Klantech argues, well, that's a new argument. We didn't have notice and opportunity to respond, which is what we're talking about with an APA violation. But they responded to the argument for the first time on appeal in their opening brief at page 36. That is, you know, far too late for a response to an argument that was in the petition. But it impliedly concedes our point. This argument was in the petition. They had notice and they had an opportunity to respond. Why doesn't the board just simply say that they're making an alternative argument or alternative filing? Just leave it there. I mean, that does raise a certain amount of lack of clarity, it seems to me. Your Honor, just to make sure I understand your question, you're asking why the board didn't say that it was in the alternative? Yes. Your Honor, that's correct. The board didn't. Well, I think that the board actually did. Your institution decision has to be written and with particularity, right? That's a statute. The petition has to be drafted with particularity under the Patent Act. And that's to give notice. To give notice, correct. So it's the petition. Why doesn't the final written decision be required to be equally clear? So, Your Honor, the rule, as the Supreme Court held in SAS v. Iancu, it's the petition that sets the contours of the proceeding. Not the board, not the director, not the institution decision. But even if we were to look at the institution decisions and see how did the board treat this issue, if you look at Appendix 372, you see there, at Appendix 372, the board expressly recognized that the petition relied on Collins and Gautier with Schaefer in the alternative. So the board says, moreover, even assuming without deciding that Collins does not describe updating a system font table as patent owner contends, the petitioner also relies on Schaefer's description. The board was crystal clear. The petition relies on Collins and Gautier and Schaefer in the alternative. And what's interesting about this particular line is this is in response to an argument that Plantech made in its patent owner preliminary response, where they argued that Collins doesn't disclose this limitation. The board said, even if you're right about that, the petition also relies on Schaefer, not just on Collins. This is the 421 institution decision. The 093 institution decision actually only relies on Collins. The Collins and Gautier ground to find this limitation would have been obvious. It doesn't touch the Schaefer ground. It felt that it didn't need to go that far. And that's at, this is in volume three of the appendix, but it's at appendix 10863. And what's notable is that it's not just that these arguments were made clear in the institution decision. They were also, Plantech also suggested in its patent owner response that it, too, recognized that these petitions were written in the alternative. It said, finally, both the petition and the board rely on Schaefer's disclosure if Collins fails. If Collins fails. As in, we understand if Collins doesn't work, then Schaefer's relied on in the alternative. Now, in their briefing, Plantech argues that, well, that was only in response to one particular limitation, the temporary fonts directory, and not also with regard to the system font directory. What's the J page that supports what you just described in the alternative? In the patent owner response? Yeah. That is at appendix 473. So, but this language referred specifically back to the board's discussion of the petition's use of the system font table limitation in the alternative. So, Your Honors, we believe it's clear that the petition made the grounds clear, and then they were made clear in the institution decision. And there's even an indication that Plantech itself recognized that this is how the petition was written. But that being said, I want to make another point, which is that the APA violation argument and the antedating argument are two discrete arguments, and they're two independent paths for affirmance. This court can affirm either by finding there was no APA violation, and Collins and Gautier alone render obvious the claims, which the board found, or alternatively, that Collins, Gautier, and Schaefer render the claims obvious because Plantech failed to antedate Schaefer. There were quite a few arguments raised in the appellant's brief. Which arguments do you believe we need to reach in order to resolve the case if we agree with you on the point you just raised? Yes, Your Honor. So you either need to reach either the APA violation argument or their effort to antedate, and then also their argument on the font package and formatting information. Where you started. Exactly, where I started. There are, at the very end of appellant's brief, there were four arguments that were raised very briefly. You may need to reach some of those arguments as well, but they're not drafted. They're not addressed in detail in the briefing. I'm sorry, somebody coughed and I didn't hear what you said. No problem. I was just saying they're not addressed in detail in appellant's briefing. On the antedating argument very briefly, I see that I'm running out of time. But the board properly considered the evidence that Plantech raised and found that there was just simply no specific, that Plantech failed to specifically identify and explain the how and why of prior conception, specifically in a handheld device. Every single claim recites in a handheld device. And there was just simply no evidence of prior conception or reduction in practice in a handheld device. And in its briefing, the board went through all of the evidence that Plantech actually cited. It looked at the invention disclosure document that Plantech relies on and said, that's not enough, that doesn't show conception in a handheld device. Because it talked only about any and all computers, which is not a handheld device. Then it looked at an initial document that discussed a PalmPilot as a technology development priority, and correctly found that at most, that showed a plan for future development, not actual conception. And then I just, one final point, Plantech tries to minimize the importance of this handheld device limitation to get around the lack of evidence for conception or reduction of practice in a handheld device. But this limitation was part of the reason why these claims were deemed patentable by the examiner. They were in a 421 patent, they were added in an examiner amendment in a notice of allowance, and likewise in the 093 patent, they were added because of the examiner's insistence in an interview. So, unless this court has any other questions. Thank you, Counsel. Thank you, Your Honor. Mr. Oliver has some rebuttals on. Thank you. I will attempt to address the arguments in the order that opposing counsel made them. Well, first, maybe also a housekeeping matter. I want to know which issues we actually need to decide. Do you agree with her recitation of issues we would need to reach if we were to affirm in this case? With respect to the 421 patent, you would need to reach the issue about the font file, the formatting information, and the font package being the same throughout the claims. With respect to both patents, was there an APA violation? If so, did the patent owner present sufficient evidence of prior conception? Opposing counsel stated that the patent owner mischaracterized the PFR files, the conversion of formatting information, and stated that the only evidence on the record is from the CoSTAR's expert. In the brief, we addressed that. That was reply evidence that was submitted. That was against the PTAB procedures. We moved for permission to supplement based on new evidence on reply, and that was denied. So, it's not that there wasn't an attempt to put in evidence. It's that we weren't permitted to address new evidence that came in on reply. With respect to the handheld device argument that we heard, the evidence of record all shows that Mr. Adamson conceived the handheld device. He said, this is an invention for any client computer on the Internet. At the same time, he had a business plan saying, we are developing this for PalmPilot, which was a handheld device. Showing that he conceived, not that he had reduced it to practice, but that he conceived that it was for use for the PalmPilot. And both experts pointed out that there were handheld devices at the time that browsed the web that were included in client computers. Neither expert disagreed. The only thing that the PTAB went on to say that there was no disclosure of handheld device was attorney argument by opposing counsel. Turning to this issue about whether there were alternative findings and whether the board considered Collins and Godier alone, and then in the alternative, Schaefer, I'd like to point the court to the institution decision, appendix 373. The board says, petitioner relies on Collins as teaching or suggesting most of the independent, most of the limitations of independent claims one and six, but relies on Godier as disclosing one thing, and Schaefer with respect to font manager behavior such as the use of the system font table. The board instituted on the three-part combination and specifically said it's not considering it in the alternative. On appendix page 214, the petition also says, based on Schaefer, we have the font table. I see I've exceeded my time. You can finish your sentence.  And on page 213, they say Schaefer discloses the font table. It was not an alternative argument. I appreciate the time of the court. Thank you very much. Thank you to both counsel and case submitted.